AUSA Kevin Mulcahy (313) 226-9713
Special Agent G. Felipe Samaniego, DEA

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

## Eastern District of Michigan

United States of America
v.

Ricardo FONVILLE

Case:2:13-mj-30671
Judge: Unassigned,
Filed: 10-18-2013 At 03:05 PM
CMP: USA v FONVILLE (FMM)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 17, 2013_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sec. 841(a)(1) | Possession with Intent to Distribute Controlled Substances |
| 21 U.S.C. Sec. 846 | Conspiracy to Possess with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

G. Felipe Samaniego, Special Agent DEA
_____
*Printed name and title*

Sworn to before me and signed in my presence.

_____
*Judge's signature*

Date: __October 18, 2013__

City and state: __Detroit, MI__

DAVID R. GRAND, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

Affiant, Special Agent G. Felipe Samaniego, being duly sworn, deposes and states the following:

1. Affiant is a Special Agent of the Drug Enforcement Administration and has been so employed since July 2009, and is a law enforcement officer empowered to conduct investigations and make arrests for violations of Title 21, United States Code.

2. This affidavit is provided in support of a criminal complaint against Ricardo FONVILLE, DOB: XX/XX/1970 and is based on my personal knowledge obtained from personal observation, review of documents, reports, and information received from other law enforcement agents and subject-matter experts. Because of the limited purpose of this affidavit, I have not set forth all of the information of which I have become aware in the course of this investigation.

3. On October 17, 2013, at approximately 5:50 pm, Agents established surveillance on Ricardo FONVILLE, a known narcotics trafficker operating in the Detroit metropolitan area while at 198 Pasadena St., Highland Park, MI.

4. At approximately 6:18 pm, Agents observed FONVILLE exit from 198 Pasadena St., Highland Park, MI, enter his brown Dodge Durango bearing Michigan license plate (CNQ5687) and depart from the area. Agents conducted mobile surveillance on FONVILLE while he was traveling on Interstate 94 (I-94).

5. As FONVILLE was traveling eastbound on I-94 near Gratiot Ave., Detroit, MI., Detroit Police Officers observed FONVILLE commit a traffic violation, FONVILLE failed to signal while switching lanes. As a result, Detroit Police Department Officers conducted a traffic stop based on their independent probable cause near Cadillac St. and I-94, Detroit, MI. Sgt. Darren Johnson approached the vehicle and immediately noticed that FONVILLE was extremely nervous. Sgt. Johnson asked FONVILLE if he had a driver's license and/or any outstanding warrants for his arrest. FONVILLE told Sgt. Johnson that he had an outstanding arrest warrant for child support violations out of

1

Wayne County. As a result, Sgt. Johnson asked FONVILLE to step out of the vehicle for officer safety reasons and eventually asked FONVILLE for consent to search his vehicle, a request to which FONVILLE answered "check it." U.S. Border Patrol Agent Jeremy Kenyon assisted Sgt. Johnson with the search of FONVILLE's vehicle. However, prior to deploying his K9 partner, Agent Kenyon also asked FONVILLE for consent to search his vehicle and FONVILLE agreed. During the search, Agent Kenyon's K9 partner provided a positive alert for the odor of narcotics emanating from within the driver side door of the vehicle. As a result FONVILLE was placed into custody and transported to the Detroit Police Department 9th precinct for interviews. The Dodge Durango was also taken to the 9th precinct. During a more detailed search of FONVILLE's vehicle, Agent Kenyon found a large cookie shaped quantity of crack cocaine and a small amount of heroin concealed in a void under the automatic window control on the driver side door. The crack cocaine had a total approximate weight of 136.1 gross grams and the heroin had a total approximate weight of 1.0 gross gram. The suspected crack cocaine yielded a positive presumptive test for cocaine.

6. At approximately 7:22 pm, Affiant read FONVILLE his Miranda rights as witnessed by Task Force Officer Nicholas Miller. FONVILLE waived his rights and stated that he had been in possession of the crack cocaine and heroin prior to going to Pasadena St., Highland Park, MI. FONVILLE avoided answering additional questions in reference to 198 Pasadena St., Highland Park, MI. FONVILLE did state that he had received the crack cocaine from an unidentified associate on consignment, and that he was going to start selling "$10.00 rocks." FONVILLE stated that he had recently been released from federal prison and that he was on federal probation for Conspiracy to Distribute Cocaine. FONVILLE stated that he needed to get up on his feet and that's the reason why he decided to distribute crack cocaine.

Based on the foregoing, as well as his training and experience, it is your Affiant's contention there is probable cause to support the issuance of a criminal complaint against Ricardo FONVILLE for the crimes of Conspiracy to Distribute, and Conspiracy to Possess with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

7. Further your affiant sayeth not.


Special Agent G. Felipe Samaniego
Drug Enforcement Administration


Sworn to and subscribed before
me this 18th day of October, 2013.


HONORABLE DAVID R. GRAND
United States District Court Magistrate Judge
Eastern District of Michigan

3